IN THE MATTER OF THE APPLICATION OF CERTAIN FREEHOLDERS OF THE TOWNS OF MT. MORRIS AND CASTILE, FOR AN ORDER REQUIRING THE COMMISSIONERS OF HIGHWAYS OF SAID TOWNS TO REBUILD OR REPAIR A JOINT BRIDGE, KNOWN AS THE ST. HELENA BRIDGE.

*Proceedings to compel towns to erect bridges* — 1857, *chap.* 639 — *power of the court to determine as to the costs* — *when an inability to agree justifies an application* — *what must be specified in the order* — *the powers conferred upon the court are judicial in character.*

This proceeding was instituted, under chapter 639 of 1857, by freeholders of two adjoining towns to procure an order compelling the commissioners of highways of the said towns to rebuild a bridge over a stream dividing the two towns, which bridge the towns were bound to make and maintain. The referee reported that the bridge should be built; that the highway commissioners and proper officers of each town were willing to build and maintain the bridge, but could not agree as to whether it should be built of wood or wrought-iron, one town favoring the former and the other the latter material; that a wrought-iron bridge with stone piers should be used, instead of a wooden structure, at a cost not exceeding the sum of $9,000, one-half to be paid by each town.

Upon an appeal from an order of the Special Term, confirming the report of the referee, it was contended that under the act the court had no power to compel the expenditure of a larger sum of money than the towns had power to provide or contract for without the order of the court.

*Held*, that this contention did not accord with the intention of the act as shown in the fourth and fifth sections thereof.

That the inability of the commissioners of towns to agree as to the kind of bridge, resulting in a neglect to build any bridge, justified an application to the court.

That an objection that the order was too indefinite and uncertain was not maintainable as the order defined the location of the bridge, the material of which it was to be constructed, and limited its cost.

That the act was not unconstitutional, and did not confer upon the court a power not judicial in its nature.

APPEAL from an order of the Erie Special Term, requiring the commissioners of highways of the towns of Mt. Morris and Castile to build an iron bridge across the Genesee river at St. Helena.

*S. Hubbard,* for the appellants, commissioners of highways of Mt. Morris.

*E. C. Olney,* for the respondents, freeholders, etc.

*W. M. Gledhill,* for the respondents, commissioners of highways of Castile.

SMITH, P. J. :

This is a proceeding under chapter 639 of the Laws of 1857. That act provides that whenever any adjoining towns shall be liable to make or maintain any bridge over any stream dividing such towns, whether in the same or different counties, it shall be lawful for three freeholders in either of such towns, by a petition in writing signed by them, to apply to the commissioners of highways in each of such towns to build, rebuild or repair such bridge, and if such commissioners refuse to build, rebuild or repair such bridge within a reasonable time, either for want of funds or any other cause, the said freeholders, upon affidavit and notice of motion served as prescribed in the act, may apply to the Supreme Court, at a Special Term thereof to be held in a judicial district in which such bridge, or any part thereof, shall be located, or to a judge of said court at chambers, for a rule or order requiring such commissioners to build, rebuild or repair such bridge, and the court or judge shall make such order thereon as the justice of the case shall require. The act further provides that if such motion be granted in whole or in part, whereby funds shall be needed by the said commissioners to carry said order into effect, such court or judge shall specify the amount of money required for that purpose, and how much thereof shall be raised in each town.

The present application was based upon a petition of freeholders

of each town, duly verified, and the matter was referred as provided by the act. The referee reported, among other things, that the town of Mt. Morris, in Livingston county, and the town of Castile, in Wyoming county, adjoin each other, and lie on opposite sides of the Genesee river, the center of which stream is the boundary line between said towns; that there is a legal highway in Mt. Morris, extending to and meeting a legal highway in Castile, at a point in the center of said river, at a place known as the St. Helena bridge, the said two highways so meeting constituting a continuous road which has been traveled and used as a public highway for upwards of thirty years; that for more than thirty years next prior to the 6th day of February, 1864, a wooden bridge had been erected and maintained at the point aforesaid, known as the St. Helena bridge, and for several years prior to that date had been rebuilt and maintained at the equal and joint expense of said towns; and that at the date last mentioned it was destroyed and a large part of it was carried away by a flood, whereby it was rendered impassable and has remained in that condition to the present time; that there is a public necessity for a bridge at that point; that the highway commissioners and proper officers of Mt. Morris have been at all times willing to build and maintain said bridge, and to contribute an equal amount with the town of Castile to the expense of the same, if a wooden bridge should be erected, or the portion of the bridge not taken away shall be repaired with wood, and the necessary iron with which to repair and rebuild a wooden bridge; while the commissioners of highways of the town of Castile and the proper officers thereof have been at all times ready and willing to so contribute an equal share to the erection and maintenance of a bridge at the place aforesaid, if the same shall be built of wrought-iron, with such portions of wood as may be necessary to erect and maintain what is known as a wrought-iron bridge; and for the sole reason that they were unable to agree as to the kind of bridge, no bridge has been erected, both parties acting in good faith in relation thereto. The referee also reported upon evidence which we think substantially supports his findings, that a wooden bridge can be erected at the point in question for about $5,000, and an iron bridge for about $9,000; that the average life of a wooden bridge is about twelve years, and that of an iron bridge about seventy-five years;

and that neither town has on hand any funds with which to erect a bridge at the place aforesaid. The referee also found, as matter of law, that said two towns are liable to make and maintain said bridge at the joint expense of said towns; that a wrought-iron bridge with stone piers be used instead of a wooden structure; that the cost thereof do not exceed the sum of $9,000, one-half of which be paid by each town; and that the expenses of the said proceeding be shared equally by said towns. The Special Term confirmed the report, and made an order in accordance with it, from which order this appeal is taken.

It is contended, on the part of the appellant, that under the act of 1857, the court has no power to compel the expenditure of a larger sum than the towns have power to provide or contract for without the order of the court. That contention, we think, does not accord with the intention of the act. By the express terms of the statute, the court may act, notwithstanding the refusal or neglect of the commissioners is put upon the sole ground of the want of funds. By the fourth section of the act, the commissioners are authorized to pledge the credit of the town, so far as may be necessary for doing the work ordered, and the fifth section provides for raising by tax the money needed to defray the cost of the structure, not exceeding the amount specified in the order. The statute is one of public benefit, intended to meet cases of pressing public necessity, and in providing a mode of erecting bridges over streams dividing towns and counties, it contemplates that occasions may arise requiring the expenditure of larger sums of money than towns are authorized to raise annually for the ordinary repair of internal highways and bridges.

It is also contended that the court had not jurisdiction to make the order, for the reason that no refusal of the commissioners is shown, to build, rebuild or repair, etc. While it appears that the commissioners of each town were willing to build a new bridge, yet their inability to agree as to the kind of bridge, those of Mt. Morris insisting that it shall be of wood, and those of Castile insisting that it shall be of iron, has resulted in a neglect or refusal to build any bridge whatever. A case of public inconvenience is thus presented, we think, which justifies an application to the court under the statute.

Again, it is contended that the order is too indefinite and uncertain to be executed, as it does not describe the bridge to be built, except that it is to be of iron. This objection is not well taken. The fourth section of the act provides that the commissioners of the two towns, on being served with the order, shall forthwith meet and fix on the plan of the bridge, or the manner of repairing the same, and shall cause the same to be built, etc. The order defines the location of the bridge, and the material of which it shall be constructed, and limits its cost. That is as far as it could properly go, in the first instance at least. In leaving the details of the plan to the action of the commissioners, it evidently complies with the intention of the statute. It is unnecessary now to consider what remedy shall be pursued in case the commissioners fail to fix upon a plan.

Lastly, it is contended by the counsel for the appellant, that the order is the exercise of a power not judicial in its nature, and which the legislature has no constitutional authority to delegate to the courts. With this contention we are not prepared to agree. To determine the liability of towns to erect and maintain bridges, to enforce such liability, and to order the mode in which it shall be performed, are acts peculiarly judicial in their character. An analogous appellate jurisdiction in respect to the laying out, altering or discontinuing roads, has for a long time been vested in the courts by statute.

The order should be affirmed, with ten dollars costs of the appeal and disbursements to be paid by the appellant to the respondents.

HAIGHT, BARKER and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.